## No. 333

WEINTRAUB v. OHIO BELL TEL. CO.
No. 19005—Supreme Court
On motion to direct Cuyahoga Appeals to certify. Dock. March 17, 1925, 3 Abs. 162.

827. TELEPHONE COMPANY—In suit for damages for discontinuation of phone service, for non payment of charges, can court assume company justified in its act, and direct a verdict?

355. DAMAGES—When actual monetary damages are not proven, is plaintiff entitled to nominal?

This action was originally brought by G. Z. Weintraub, in the Cuyahoga Common Pleas against the Ohio Bell Telephone Co. to recover damages for a breach of contract and slander on part of the Telephone Co. through its agents. It seems that Weintraub's phone ser-

vice was discontinued and no outside calls were completed. Weintraub alleged that no reason for this existed; he had paid his· bills. He alleged that parties, when calling his office, were informed by the operator that phone service was discontinued because he had failed to pay his bill. This, Weintraub, averred, was slander "per se". At the close of Weintraub's evidence, the Court sustained a motion for a directed verdict in favor of the Telephone Co. on the ground that Weintraub did not show special damages. Error was prosecuted and the Court of Appeals in affirming the judgment of the lower court held:

1. That Weintraub by being in default of payment to the Telephone Co. and therefor responsible for the discontinuance of services could not collect even nominal damages.

2. Mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health, or reputation.

In bringing the case to the Supreme Court, Weintraub insists that the Court of Appeals erred in affirming the judgment of the Common Pleas in that it accepted as true the defense set up by the Telephone Co. in its answer without any proof in support of same.

Weintraub asserts that if the action was in contractu, he was at least entitled to nominal damages; and if it was one in tort, special monetary damages need not be proven, where there is a prime facie case, as he urges this is, in his favor.

Attorneys—Quitman & Weintraub, and Frank A. Green, for Weintraub; Tolles, Hogsett, Ginn & Morley, for Telephone Co., all of Cleveland.